1  J. Noah Hagey, Esq. (SBN: 262331)
    hagey@braunhagey.com
2  Matthew Borden, Esq. (SBN: 214323)
    borden@braunhagey.com
3  Amit Rana, Esq. (SBN: 291912)
    rana@braunhagey.com
4  BRAUNHAGEY & BORDEN LLP
   220 Sansome Street, Second Floor
5  San Francisco, CA 94104
   Telephone:  (415) 599-0210
6  Facsimile:   (415) 276-1808

7  ATTORNEYS FOR DEFENDANTS
   B&G Foods, Inc. and Pirate Brands, LLC
8

9

10            **UNITED STATES DISTRICT COURT**

11           **CENTRAL DISTRICT OF CALIFORNIA**

12

13

14  DAVID GREENSTEIN,                     )  Case No. 2:17-cv-05074
                                          )
15          Plaintiff,                    )
                                          )  **DEFENDANTS B&G FOODS,**
16          v.                            )  **INC.'S AND PIRATE BRANDS,**
                                          )  **LLC'S NOTICE OF REMOVAL**
17  B&G FOODS, INC. and PIRATE            )
    BRANDS, LLC, Does 1 through 10,       )
18  inclusive.                            )
                                          )
19          Defendant(s).                 )
                                          )
20                                        )
                                          )
21                                        )
                                          )
22  _____       )

23

24

25

26

27

28

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendants B&G Foods, Inc. ("B&G Foods") and Pirate Brands, LLC ("Pirate Brands") (collectively, "Defendants") hereby remove this action from the Superior Court in the State of California for Los Angeles County to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. This action is a suit between citizens of different states and Plaintiff alleges that the amount of sales he is seeking to enjoin is "millions of dollars from the sale of this Product that [Defendants] would not have otherwise earned." (Compl. ¶ 22.) In accordance with 28 U.S.C. § 1446(a), set forth below is a statement of the grounds for removal.

## I.     THE COMPLAINT AND STATE COURT PROCEEDINGS

1.     On June 5, 2017, Plaintiff David Greenstein ("Plaintiff") filed an action against Defendants, entitled *David Greenstein v. B&G Foods, Inc. and Pirate Brands, LLC,* Case No. BC664313, in the Superior Court in the State of California for Los Angeles County. The complaint is a cut and paste of previous lawsuits filed by Mr. Greenstein, many of which have been removed to federal court.

2.     On June 8, 2017, Defendants received a copy of the Complaint and Summons via email through counsel. True and correct copies of the Complaint and Summons are attached hereto as **Exhibit A.**

3.     The Complaint purports to allege causes of action against Defendants for violations of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 and 17500, *et seq*. as well as a common law claim for fraud, regarding the packaging of ½ oz. bags of Pirate's Booty® snacks.

4.     On June 30, 2017, Defendants removed this action. The matter was assigned to the Honorable R. Gary Klausner, and given case number 2:17-cv-04839. (Declaration of Matthew Borden ("Borden Decl.") ¶ 3.)

5.     On July 5, 2017, the Court *sua sponte* issued an order remanding the matter to state court. (*Id*. ¶ 4.) Defendants were unaware of any defects in its previous notice of removal.  Since the time for removal had not expired, Defendants requested clarification or reconsideration of the remand order. (*Id*.) That request was denied on July 7, 2017. (*Id*.)

6.     Defendants have added additional evidence and case law in support of this removal and have attempted in good faith to cure any potential defects.

## II.    JURISDICTION AND VENUE

7.      As is set forth below, this is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332 (diversity), and is an action which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441 in that it is a civil action between citizens of different states, the amount in controversy sought by Plaintiff exceed the sum of $75,000 and neither B&G Foods nor Pirate Brands are citizens of California, the forum state.

8.     Venue is proper in this Court because this Court embraces the County of Los Angeles where the underlying state court action was filed. 28 U.S.C. § 1441(a).

## III.    DIVERSITY JURISDICTION EXISTS OVER THIS ACTION

9.     This case is not a class action. Therefore, the normal rules of diversity jurisdiction apply. 28 U.S.C. § 1332(a)(1); U.S. Const., Art. III § 2 (judicial power extends to suits between "Citizens of different States").

10.     Diversity jurisdiction exists where (1) the amount in controversy exceeds $75,000, exclusive of interest and costs, and (2) the suit is between citizens of different states. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); 28 U.S.C. § 1332(a)(1) (District Court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States").

### A.    The Amount in Controversy Exceeds $75,000

11.    The amount in controversy is based on the relief a plaintiff theoretically could obtain if he or she was successful on all her claims. *Campbell v. Vitran Exp., Inc.* 471 F. App'x 646, 648 (9th Cir. 2012).

12.    "A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554, (2014)

13.    Here, Plaintiff alleges that "Defendant has collected millions of dollars from the sale of this Product that it would not have otherwise earned." (Compl. ¶ 22.) Further, this Notice alleges that the amount in controversy exceeds $75,000 based on the cost of compliance with the requested injunction. Additionally, the evidence submitted herewith demonstrates that the $75,000 amount in controversy requirement is easily satisfied.

14.    Whereas here, a complaint seeks injunctive relief, courts use the "either viewpoint" standard, which calculates the amount-in-controversy for jurisdictional purposes as the potential cost to the defendant of complying with the sought after injunction. *Tuong Hoang v. Supervalu Inc.*, 541 F. App'x 747 (9th Cir. 2013) (directing lower court to determine whether Defendants met standard for removal, noting that the district court improperly failed to consider the value of the injunctive relief ); *Sekhon v. BAC Home Loans Servicing LP*, 519 F. App'x 971, 972 (9th Cir. 2013) (affirming district court decision to include cost of complying with requested injunctive relief in amount in controversy calculation); *Gen. Dentistry For Kids, LLC v. Kool Smiles, P.C.*, 379 F. App'x 634, 635 (9th Cir. 2010) (affirming district court denial of motion to remand when cost of complying with requested injunctive relief would exceed $75,000); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.") (quoting *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347, 97 S.

1 Ct. 2434, 2443, 53 L. Ed. 2d 383 (U.S. 1977));  *In re Ford Motor Co./Citibank (S.*
2 *Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001) ("In other words, where the value
3 of a plaintiff's potential recovery (in this case, a maximum of $3,500) is below the
4 jurisdictional amount, but the potential cost to the defendant of complying with the
5 injunction exceeds that amount, it is the latter that represents the amount in
6 controversy for jurisdictional purposes."); *Arens v. Popcorn, Indiana, LLC*, No. 14-
7 CV-1323-SC, 2014 WL 2737412, at *2 (N.D. Cal. June 16, 2014) (Including costs of
8 complying with injunction such as "[r]evising non-FIT Products' labeling, pulling
9 Non-FIT Products from California shelves, and destroying old packaging and
10 corrugate" for amount in controversy calculation.); *Vinotemp Int'l Corp. v. Wine*
11 *Master Cellars, LLLP*, No. CV111543ABCPLAX, 2012 WL 12893932, at *4 (C.D.
12 Cal. July 9, 2012) ("Amount in controversy calculation should "include the
13 possibility of an injunction or an order of specific performance that would preclude
14 future sales."); *Biendara v. RCI, LLC*, No. SACV101878AGMLGX, 2011 WL
15 13137567, at *6 (C.D. Cal. Jan. 24, 2011) (the Court may also consider injunctive
16 relief when determining the amount in controversy).

17     15.     Here, it is facially apparent from Plaintiff's own pleading that the
18 amount of sales he seeks to enjoin, if he is successful, would amount to "millions of
19 dollars."  (Compl. ¶ 22.)

20     16.     Under Supreme Court and Ninth Circuit law, "if the state court
21 complaint expressly seeks more than $75,000, removal on the basis of diversity will
22 be allowed unless the amount set forth in the initial complaint was stated in bad faith.
23 Because plaintiff instituted the case in state court, there is a strong presumption
24 plaintiff did not inflate the claim to support removal."  B. O'Connell & K.
25 Stevenson, FED. CIV. PROC. BEFORE TRIAL § 2:2389 (Rutter 2017).

26     17.     As the Supreme Court has explained, "the status of the case as disclosed
27 by the plaintiff's complaint is controlling in the case of a removal." *St. Paul Mercury*
28 *Indem. Co. v. Red Cab Co.*, 303 US 283, 291 (1938).  *See also Sanchez v.*

*Monumental Life Ins. Co.*, 102 F3d 398, 402-03 (9th Cir. 1996) (jurisdictional facts stated in plaintiff's state-court complaint control unless plaintiff can prove to a "legal certainty" that his pleading was inaccurate).

18.    Moreover, even if Plaintiff did not concede that it would cost more than $75,000 to comply with the injunction he seeks, it would easily cost Defendants over $75,000 to do so here.

19.    "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *Stelzer v. CarMax Auto Superstores California, LLC*, No. 13-CV-1788-LAB-JMA, 2013 WL 6795615, at *5 (S.D. Cal. Dec. 20, 2013) ("when it's unclear or ambiguous from the face of a complaint whether the jurisdictional threshold is met, a "preponderance of the evidence" standard applies."). Courts may consider "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006).

20.    While Defendants deny the allegations set forth in the Complaint and maintain that Plaintiff is not entitled to any of the relief he seeks, in determining the amount in controversy, "a court must assume that the allegations in the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Campbell*, 471 F. App'x at 648 (9th Cir. 2012) (citing *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993,1001 (C.D. Cal. 2002)).

21.    In 2016, Pirate Brands sold $84,918,000 in product.  (Declaration of Matthew Borden ("Borden Decl."), Ex. 1.)  A substantial amount of these sales were in California.  (*Id.* ¶ 6.)  Those sales easily exceed $75,000.  (Declaration of Scott E. Lerner ("Lerner Decl.") ¶ 5.)

22.     Here, Plaintiff seeks "injunctive orders that the Product referenced shall not be distributed for sale or sold in California." (Prayer ¶ C.)  Accordingly, if Plaintiff was successful in obtaining the injunctive relief he is seeking, the cost to Defendants would easily exceed $75,000.  (Lerner Decl. ¶ 5.)

23.     Likewise, if B&G Foods elected to modify the manufacturing and packaging process in conformity with Plaintiff's Complaint, the costs would easily exceed $75,000.  (Lerner Decl. ¶ 6.)

24.     Accordingly, the amount in controversy under any scenario of Plaintiff's prayed for injunctive relief exceeds the jurisdiction requirement of $75,000, exclusive of interests and costs, and the amount in controversy requirement is satisfied.

**B.      The Suit is between Citizens of Different States**

25.     A suit is between citizens of different states for diversity jurisdiction purposes when all plaintiffs are diverse from all defendants. *Weeping Hollow Avenue Trust v. Spencer*, 831 F.3d.3d 1110, 1112 (9th Cir. 2016).

26.     A natural person has the citizenship of the place of his domicile. *Kanto v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Corporate parties can have the citizenship of the state of incorporation and the citizenship of the state of its principle place of business. *Bank of Calif. National Ass'n v. Twin Harbors Lumber Co.,* 465 F.2d 489, 491-92 (9th Cir. 1972).

27.     Here, Plaintiff concedes he is a citizen of the State of California. (Compl. ¶ 25.)

28.     Defendant B&G Foods is a Delaware corporation with its principle place of business in New Jersey.  (Lerner Decl. ¶ 2.)

29.     Defendant Pirate Brands is a Delaware limited liability company with its principle place of business in New Jersey. Pirate Brands has one member, which is a citizen of New Jersey and Delaware.  (Lerner Decl. ¶ 3.)

30.     Therefore, the suit is between citizens of different states.

**C.     All Procedural Requirements are Satisfied**

31.     28 U.S.C. § 1441(a) allows civil actions brought in state court to be removed to the district court "embracing the place where such action is pending." The Complaint was filed in the Superior Court of California for the County of Los Angeles. This District is the proper venue for this action upon removal pursuant to 28 U.S.C. § 1441(a) because it is the District that embraces the country where the state court action was pending.

32.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders are attached hereto as **Exhibit A**.

33.     Defendants will serve written notice of the removal of this action upon all parties and will file such notice with the Clerk of the Superior Court of California for the County of Los Angeles.

## CONCLUSION

34.     WHEREFORE, Defendants B&G Foods, Inc. and Pirate Brands, LLC hereby remove this case from the California Superior Court for the County of Los Angeles, to this federal district court.

Dated:  July 10, 2017                              Respectfully Submitted,

BRAUNHAGEY & BORDEN LLP

By:   ___/s/ Matthew Borden____
        Matthew Borden

*Attorneys for B&G Foods, Inc.*
*and Pirate Brands, LLC*